# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| CAITLIN CROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. |
| GUSTON'S GRILL & TAP, LLC, | ) | |
| A Georgia Corporation, and | ) | |
| ROBERT MCKINLEY ENSLEY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

NOW COMES Caitlin Crowe, PLAINTIFF, and files this her Complaint against Defendants ROBERT MCKINLEY ENSLEY and GUSTON'S GRILLE & TAP, LLC, A Georgia Corporation, and shows as follows:

## PARTIES AND JURISDICTION

1. Prior to her constructive discharge, Plaintiff Caitlin Crowe worked as a waitress at Guston's Grille & Tap, LLC ("Guston's").

2. Guston's operates a bar/restaurant located at 3330 Cobb Parkway, Acworth, Georgia 30101, in Cobb County within the Northern District of Georgia. Guston's may be served with process through its registered agent, NRJ Tax & Accounting Resource, Inc., 2673 Marleigh Farm Road, NW, Kennesaw, Georgia 30152.

3. Defendant Robert McKinley Ensley ("Ensley") resides at 3635 Stilesboro Road, NW, Kennesaw, Georgia 30152, in Cobb County within the Northern District of Georgia. Ensley is subject to service of process at that address.

4. Jurisdiction and venue are proper in this Court.

5. On or about February 10, 2019, Ms. Crowe was working her assigned duties at Guston's. Defendant Ensley entered the restaurant and was seated in an area Ms. Crowe was assigned to serve at or around 5pm.

6. Ensley was known to restaurant staff as a heavy drinker who had made offensive sexual advances towards females on other occasions. On one such occasion he was ejected from the restaurant for this behavior.

7. Soon after Ms. Crowe began serving him, Ensley began drinking heavily, ordering shots of liquor. Some time thereafter, Ensley was joined at his table by several other males.

8. Over the course of several hours, Ensley and his companions drank alcohol excessively. Ensley aggressively and insistently touched Ms. Crowe, propositioned and sexually assaulted her.

9. Initially, Ensley told Ms. Crowe that he had a houseboat on Lake Allatoona at Red Top Mountain. Ms. Crowe told him that her father had a houseboat in the area as well. Later, he repeatedly asked her to come over to his house boat to "have a good time."

10. Mr. Ensley asked Ms. Crowe how old she was. She responded that she was 20 years old, and Ensley commented, "oh, you're old enough."

11. Ensley told Ms. Crowe, "I want to f*** you."

12. Ensley repeatedly touched and groped Ms. Crowe despite her protests. He grabbed her buttocks multiple times. He rubbed her back and attempted to touch her crotch.

13. Ms. Crowe repeatedly objected and told Mr. Ensley to stop.

14. Over the course of the shift, Ms. Crowe complained numerous times to her supervisors, Leslie Walder and Robert Taylor, about Ensley's behavior.

15. Walder and Taylor took no action whatsoever to intervene or to protect Ms. Crowe from Mr. Ensley's advances. Rather, Ms. Crowe was directed to drink with the men at Ensley's table.

16. After Ensley paid his bill, he continued to approach Ms. Crowe and attempt to talk with her. No action was taken to attempt to assist her.

17. Concerned about her personal safety, Ms. Crowe snuck out the back door of the restaurant.

18. After this event, Guston's removed Ms. Crowe from the work schedule. Ms. Crowe remained available for work, and requested work, but she was assigned no further shifts.

19. Guston's refusal to allow Ms. Crowe to work again resulted in her constructive discharge.

20. Ms. Crowe timely filed a charge of gender discrimination and retaliation related to these events.

21. In response to the charge of discrimination, Guston's owner William Gwaltney falsely asserted that Ms. Crowe was terminated Feb. 16 for drinking on duty on Feb. 10. He further misrepresented that Ms. Crowe was flirting with Mr. Ensley.

22. Mr. Taylor, the company general manager, has admitted that neither of these representations are accurate.

23. This action is timely brought within 90 days of Plaintiff's receipt of a Right to Sue from EEOC. All administrative prerequisites to maintenance of this action have been satisfied.

### COUNT I—TITLE VII SEXUAL HARASSMENT

24. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-23 above as though fully set forth herein.

25. Guston's permitted, facilitated and ratified Ensley's sexual harassment and sexual battery of Ms. Crowe in violation of 42 U.S.C. §2000e *et seq*.

26. Ensley's actions were severe and pervasive, and created a hostile environment which was objectively and subjectively offensive.

27. Ensley's actions created great emotional distress for Ms. Crowe. Ms. Crowe feared for her physical safety based on Mr. Ensley's behavior and his extreme intoxication.

28. Guston's acceptance and failure to remedy the hostile environment resulted in damages in an amount to be shown at trial.

## COUNT II—TITLE VII RETALIATION

29. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-23 above as though fully set forth herein.

30. Plaintiff engaged in protected activity, repeatedly complaining to her managers regarding the hostile environment created by Ensley.

31. Guston's refused to allow Ms. Crowe to return to work following these events.

32. Guston's constructively discharged Ms. Crowe as a result of her complaints of harassment.

33. Following her constructive discharge, Guston's falsely asserted that Ms. Crowe had been terminated.

34. The reason proffered by Guston's for Ms. Crowe's termination—consuming alcohol on duty—is false and pretextual.

35. General manager Robert Taylor admitted that Ms. Crowe was not drinking on duty.

36. Guston's retaliation against Ms. Crowe in violation of 42 U.S.C. § 2000e *et seq.* resulted in damages in an amount to be shown at trial.

## COUNT III—BATTERY

37. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-23 above as though fully set forth herein.

38. Defendant Ensley repeatedly touched and groped Plaintiff.

39. Ensley repeatedly made sexual advances and propositions to Ms. Crowe.

40. Plaintiff Crowe objected to this behavior. Further, she complained to her managers about his actions.

41. Ensley's battery of Ms. Crowe resulted in emotional pain, distress and embarrassment, entitling her to an award of damages in the enlightened conscience of a jury.

## COUNT IV-NEGLIGENCE

42. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-23 above as though fully set forth herein.

43. Guston's owed Ms. Crowe a duty of care to provide a reasonably safe workplace and to protect her from hazards of which its management was aware, or of which they reasonably should have been aware.

44. Guston's managers had actual knowledge that Ensley was a possible danger to female employees.

45. Guston's managers knew Ensley was a heavy drinker who regularly became intoxicated, and that he regularly made sexual comments and advances to female employees.

46. Upon information and belief, female employees made efforts to avoid being assigned to wait on Ensley due to his propensity for this type of behavior.

47. Despite this knowledge, Guston's took no measures to protect female employees from such mistreatment.

48. Guston's provided no training, and had no policies or practices in place to prevent sexual harassment or assault by patrons.

49. On the night of Feb. 19, 2019, Guston's managers and staff, including Leslie Walder and Robert Taylor, had actual knowledge of Ensley's ongoing battery and sexual harassment of Ms. Crowe.

50. Despite Ms. Crowe's complaints and notice to management, no action was taken to assist or protect her.

51. Guston's negligence resulted in emotional pain, distress and embarrassment, entitling her to an award of damages in the enlightened conscience of a jury.

## COUNT V—PUNITIVE DAMAGES

52. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-23 above as though fully set forth herein.

53. The actions of both Defendants herein were malicious, willful and wanton demonstrating a conscious disregard for the consequences.

54. Plaintiff seeks an additional award of punitive damages against Defendants in the enlightened conscience of the jury sufficient to deter such conduct.

WHEREFORE, PLAINTIFF CAITLIN CROWE respectfully prays as follows:

(a) For awards of damages against Defendant Guston's including back pay, emotional distress damages, costs and attorney's fees on Plaintiff's claims under Title VII;

(b) For an award of damages against Defendant Ensley on the claim of battery;

(c) For an award against Guston's for damages caused by its negligence;

(d) For award of punitive damages against both Defendants in an amount sufficient to deter and punish such misconduct;

(e) For trial by jury; and

(f) For such other relief as the court deems appropriate.

               Respectfully submitted,

               */s/ E. Linwood Gunn, IV*
               E. Linwood Gunn, IV
               Georgia Bar No. 315265
               *Attorney for Plaintiff,*
               *Caitlin Crowe*

THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
Phone:  470.508.0020
Email:   elg@atldiscriminationlawyers.com

## **CERTIFICATION UNDER L.R. 7.1D**

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 21st day of December, 2020.

*/s/ E. Linwood Gunn, IV*
E. Linwood Gunn, IV
Georgia State Bar No. 315265
THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
470.508.0020
elg@atldiscriminationlawyers.com